UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DEBRADRE D. JACKSON**,

                 Plaintiff,

v.                                    **Case No. 14-cv-1575-pp**

**STATE OF WISCONSIN DEPARTMENT OF CORRECTIONS,
FOX LAKE CORRECTIONAL INSTITUTION,
LT. GEORGE COOPER, and
DETECTIVE DANIEL STIEMSMA,**

                 Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 8), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND MOTION FOR SUMMARY JUDGMENT (DKT. NO. 10), DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 11), AND SCREENING PLAINTIFF'S COMPLAINT**

---

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights while he was incarcerated at Fox Lake Correctional Institution. This order resolves the plaintiff's motion for leave to proceed *in forma pauperis*, the plaintiff's motion for summary judgment, the plaintiff's motion for leave to file an amended complaint and motion for summary judgment, and the plaintiff's motion to appoint counsel. The court also screens the plaintiff's complaint, and dismisses it.

### I.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Dkt. No. 2)

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On January 6, 2015, the court assessed an initial partial filing fee of $8.49, which it ordered the plaintiff to pay by January 27, 2015. Dkt. No. 6. The plaintiff paid that amount on January 23, 2015. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis*, and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

### II.   PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Dkt. No. 10)

Before screening the plaintiff's complaint, the court will consider the plaintiff's motion for leave to file an amended complaint and motion for summary judgment. These motions were filed in a single, eight-page, single-spaced document on July 28, 2015. The document is a confusing mix of the two motions, and references both Federal Rule of Civil Procedure 15(a) (which governs when a party may amend pleadings) and Federal Rule of Civil Procedure 56 (the rule governing summary judgment).

The court begins by noting that any motion for summary judgment at this stage, when the court has not yet screened the complaint, the complaint has not been served on the defendants, and the defendants have not filed an

answer, is premature. The court will deny the summary judgment portion of the July 28, 2015 motion on that ground.

To the extent the court can separate the plaintiff's motion for leave to file an amended complaint from the plaintiff's arguments for summary judgment, the court also will deny that motion. Civil Local Rule 15(a) provides that any amendment to a pleading "must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil Local Rule 15(b) requires that a motion to amend "state specifically what changes are sought by the proposed amendments" and have a proposed amended complaint filed as an attachment to the motion.

There is no proposed amended complaint attached to the plaintiff's motion, just eight pages of argument regarding the plaintiff's proposed claims against five new defendants. Because the July 28, 2015 document does not comply with Local Rule 15, the court will deny the plaintiff's motion to amend and screen his original complaint.

### III. SCREENING OF PLAINTIFF'S COMPLAINT

#### A. <u>Standard for Screening Complaints</u>

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint, however, that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

4

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, the court must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  Facts Alleged in the Complaint

The plaintiff alleges that on April 15, 2011, defendant Lt. George Cooper intentionally reported fabricated details about an incident at Fox Lake

Correctional Institution (Fox Lake) that took place on April 4, 2011. Dkt. No. 1 at 3. Cooper added criminal intent to the description of the plaintiff's conduct and also reported injuries so that the plaintiff would be criminally charged. The plaintiff was charged in state court with felony battery by a prisoner. Id.

Before this incident occurred, the plaintiff was scheduled to be released on April 19, 2011, but he was detained on this charge until he was acquitted a year later. Id.

According to the plaintiff, Cooper lied about the April 4 incident and drafted and signed inconsistent statements. Moreover, Cooper's testimony under oath was not consistent with his initial statements. Cooper promised the plaintiff that he would be charged with battery and given extra confinement. Id.

Detective Daniel Stiemsma investigated the charges, and the plaintiff alleges that he did not properly investigate, that there was no probable cause to charge the plaintiff with a new offense, and that the evidence was inconsistent with the injuries Cooper reported and other statements. Id. at 3-4. The plaintiff alleges that Stiemsma coached Cooper on what to say to get criminal charges against the plaintiff. However, the plaintiff also states that Cooper lied to Stiemsma. Id. at 4.

The plaintiff suggests that defendants Cooper and Stiemsma conspired to have him charged with a crime, which kept him incarcerated for almost a year beyond his scheduled release date. Id. at 7.

6
Case 2:14-cv-01575-PP   Filed 09/04/15   Page 6 of 11   Document 14

C.  Legal Analysis of Alleged Facts

The plaintiff does not clearly state a legal theory for his claims against the defendants, but it appears that perhaps he is trying to allege a malicious prosecution. However, "[f]ederal courts are rarely the appropriate forum for malicious prosecution claims." Ray v. City of Chicago, 629 F.3d 660, 664 (7th Cir. 2011).

A federal suit for malicious prosecution by state officers is permissible only if the state in which the plaintiff had been prosecuted does not provide an adequate remedy. Newsome v. McCabe, 256 F.3d 747, 750 (7th Cir. 2001) ("the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution"). The state of Wisconsin recognizes the tort of malicious prosecution. Strid v. Converse, 111 Wis. 418, 423, 331 N.W.2d 350 (Wis. 1983). Therefore, the plaintiff has a remedy in state court if it is a malicious prosecution claim he wishes to bring.

Last year, the Seventh Circuit Court of Appeals addressed a fact pattern similar to the plaintiff's claims. Llovet v. City of Chicago, 761 F.3d 759 (7th Cir. 2014). In Llovet, "the plaintiff was already in jail, awaiting trial on a misdemeanor domestic battery" when he was charged with aggravated battery. Id. at 762. Llovet "claimed that the officers had prepared false police reports and used them to persuade a state prosecutor to file a charge of aggravated battery against him." Id. at 760.

The plaintiff asked the Seventh Circuit to overrule Newsome, which was based on Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420

7

(1981), but the court declined. Llovet, 761 F.3d at 763-64. In Parratt, the Supreme Court "held that a claim based on the due process of the Fourteenth Amendment is not actionable if the alleged violation was the unauthorized act of a rogue state officer rather than the application of state law or policy, as long as the state provides an adequate remedy for the wrongful act of the employee. The Court reasons that the availability of such a state remedy is all the 'process' that the victim of such an act is 'due.'" Llovet, 761 F.3d at 761.

The Seventh Circuit rejected the plaintiff's argument "that the second filing of criminal charges was in effect an arrest, for which probable cause was lacking, and thus an unreasonable seizure." Id. at 764. The court reasoned:

> There is a difference between seizing a person and not letting him go. The basis of the plaintiff's prolonged detention was the filing of a new charge against him ( . . . ) after he was already in jail; and withholding a get out of jail card is not an arrest, or any other sort of seizure. When, after the arrest or seizure, a person is not let go when he should be, the Fourth Amendment gives way to the due process clause as a basis for challenging his detention. It's not unusual for new charges to be filed against prisoners that delay their release; it would be odd to think the Fourth Amendment an available basis for challenging the lawfulness of such delays. But that is the plaintiff's claim in this case.

Id. The court declined to expand the Fourth Amendment in that way and said:

> An unlawfully protracted detention is actionable under state law not only as malicious prosecution but also as false imprisonment. If a state fails to provide adequate remedies for such detention, the detention can be challenged as a federal violation of due process, as we explained in Julian v. Hanna. But if there is an adequate state remedy, we can't see the purpose of stretching the Fourth Amendment to create a duplicative federal remedy.

8
Case 2:14-cv-01575-PP   Filed 09/04/15   Page 8 of 11   Document 14

Id.

In Julian v. Hanna, 732 F.3d 842, 845 (7th Cir. 2013), the Seventh Circuit affirmed the principle that "a federal claim for malicious prosecution is actionable only if the state fails to provide an adequate alternative, whether called malicious prosecution or something else." In that case, however, the court determined that Indiana's broad immunity statute for state officers deprived plaintiffs who asserted due process claims against state officers of an adequate state law remedy. Id. at 846. That is not the case in Wisconsin—Wisconsin has a state cause of action for malicious prosecution.

Additionally, the court notes that "conspiracy is not an independent basis of liability in § 1983 actions." Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008).

Because the plaintiff's remedies lie in state court, the court will dismiss his complaint.

The court also notes that, in addition to individual defendants Cooper and Stiemsma, the plaintiff named as defendants Fox Lake Correctional Institution and the State of Wisconsin Department of Corrections. The Wisconsin Department of Corrections, however, is a state agency. "State agencies are not 'persons' for purposes of the Civil Rights Act." Toledo, Peoria & Wester R. Co. v. State of Ill. Dept. of Transp., 744 F.2d 1296, 1298 (7th Cir. 1984). Similarly, Fox Lake Correctional Institution is a division of a state agency (the Department of Corrections), and is not a "person" within meaning of §1983. See Will v. Mich Dep't of State Police, 491 U.S. 58, 66-67, 71, 109

9

S.Ct. 2304, 105 L.Ed.2d 45 (1989); <u>Williams v. Wisconsin</u>, 336 F.3d 576, 580 (7th Cir. 2003); <u>Smith v. Gomez</u>, 550 F.3d 613, 618 (7th Cir. 2008). "'[P]risons . . . are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them.'" <u>Liske v. Wisconsin</u>, No. 08-C-252, 2008 WL 905229, *1 (E.D. Wis. April 2, 2008) (quoting <u>Maier v. Wood Cnty. Courthouse</u>, No. 07-C-580-C, 2007 WL 3165825, *2 (W.D. Wis. Oct. 24, 2007)).

## IV. PLAINTIFF'S OTHER MOTIONS

The plaintiff also filed a motion for summary judgment (Dkt. No. 8) and a motion to appoint counsel (Dkt. No. 11), but because the court is dismissing the complaint, these motions are moot.

## V. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion for summary judgment Dkt. No. 8.

The court **DENIES** the plaintiff's motion for leave to file an amended complaint and motion for summary judgment. Dkt. No. 10.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 11.

The court **DISMISSES** this case pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The court orders the clerk of court to enter judgment accordingly. The court also instructs the clerk of court to

10

document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1), and thus that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The court further **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $341.51 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

The court will send a copy of this order to the warden of Racine Correctional Institution.

Dated at Milwaukee this 4th day of September, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

11
Case 2:14-cv-01575-PP   Filed 09/04/15   Page 11 of 11   Document 14